**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Luis Villapudua Campos,<br>Petitioner<br>-vs-<br>Eric Rokosky, et al.,<br>Respondents. | CV-26-7330-PHX-JFM<br><br>**ORDER** |

Under consideration is Petitioner's *pro se* Petition for Writ of Habeas Corpus filed October 7, 2026 (Doc. 1).

**Background** – Petitioner is a native and citizen of Mexico. On August 15, 2018 Petitioner presented himself at the San Luis Port of Entry, asserting his sister had filed an application for him to be made a legal permanent resident. On August 24, 2018, Petitioner was paroled into the country until his application for admission could be decided.

On November 2, 2018, Petitioner reappeared at the port of entry, again seeking admission. Petitioner was charged with being removable. Petitioner was again paroled into the country on April 20, 2019.

In December 2021, Petitioner was arrested for and charged with various crimes. On September 16, 2026, upon Petitioner's release by state authorities, he was detained by immigration officials. Petitioner has been deemed ineligible for consideration for release, and Petitioner's removal proceedings are ongoing.

**Briefs** – Petitioner's *pro se* Petition is a form with very little specific additional facts alleged in only one of the form's proposed grounds for relief. Petitioner argues his 2026 arrest without a warrant, hearing, or reason for detention violated his Fifth Amendment Due Process rights and the Administrative Procedures Act. Petitioner seeks, *inter alia*, release and protections from re-detention without a pre-deprivation hearing.

Respondents' Response (Doc. 7) argues that Petitioner's re-detention was proper because he had violated the terms of his release (which terms are presumed by Respondents, but not part of the record). Respondents argue that Petitioner is properly mandatorily detained pursuant to 8 U.S.C. § 1225(b).

Petitioner has not replied, and his time to do so expired on November 2, 2026.

**Arrest Issues** – Petitioner asserts his arrest was unlawful and unconstitutional. However, the purpose of habeas is not to remedy every wrong suffered, but to determine the legality of present custody. In *Alvarez-Mendez v. Stock*, 941 F.2d 956 (9th Cir. 1991) the Ninth Circuit addressed a habeas petition by an immigration detainee who asserted that he had been arrested without lawful authority because the statute relied on had been adopted in the interim and was not retroactive. The Court found the statute made his present detention legal. As to the arrest, the circuit court opined:

> Although the new section 1226(e) does not retroactively authorize any of the Attorney General's acts accomplished prior to the amendment, we are concerned here only with the legality of Alvarez–Mendez's present detention. Because this case involves a petition for the writ of habeas corpus, and not a claim for damages for illegal detention, the only issue before us is whether Alvarez–Mendez's detention is illegal today. Therefore, even if his detention was illegal prior to the 1990 Act, if that Act gives the Attorney General the authority to hold Alvarez–Mendez today, his present custody is not illegal and habeas corpus is not available.

941 F.2d at 960.

Indeed, the courts have long held that "[a] writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and, if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." *Nishimura Ekiu v. United States*, 142 U.S. 651, 662 (1892). *See also Streeter v. Craven*, 418 F.2d 273, 274 (9th Cir. 1969) ("The district court properly concluded that defects in an arrest are not cognizable in habeas corpus."). *Cf. Arias v. Rogers*, 676 F.2d 1139, 1143 (7th Cir. 1982) ("To give a person who has been illegally arrested total immunity from either criminal punishment or deportation is an excessive

sanction for the illegal arrest.”).

**<u>Current Detention</u>** – Petitioner does not contest that he entered the country seeking admission, and was paroled into the country. Consequently, as asserted by Respondents, Petitioner is properly and mandatorily detained pursuant to 8 U.S.C. § 1225(b).

The detention of “unadmitted aliens entering the United States at the border [is governed by] § 1225(b)(2)(A), and the detention of “unadmitted aliens present in the interior of the country [is governed by] § 1226.” *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1193 (9th Cir. 2026). It is true that Petitioner made it past the border, having been paroled into the country. But under the “entry fiction” doctrine, “although aliens seeking admission into the United States may physically be allowed within its borders pending a determination of admissibility, such aliens are legally considered to be detained at the border and hence as never having effected entry into this country.” *Alvarez-Garcia v. Ashcroft*, 378 F.3d 1094, 1097 (9th Cir. 2004). “Because such individuals remain ‘on the threshold of initial entry’ despite their physical presence in the United States, their due process rights regarding admission are limited to ‘[w]hatever the procedure authorized by Congress is.’” *Padilla v. United States Immigr. & Customs Enf't*, - - - F.4th - - -, 2026 WL 2822044, at *13 (9th Cir. Sept. 21, 2026) (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953)). The length of time that a parolee remains paroled or their activities while paroled do not defeat the entry fiction. *Siu Fung Luk v. Rosenberg*, 409 F.2d 555, 558 (9th Cir. 1969).

Thus Petitioner is properly and mandatorily detained pursuant to 8 U.S.C. § 1225, and his sole statutory basis for release is under the discretionary release under 8 U.S.C. § 1182(d)(5). *Jennings v. Rodriguez*, 583 U.S. 281, 287-288 (2018). Petitioner makes no suggestion he has been granted such relief.

**IT IS THEREFORE ORDERED:**

(A) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

(B) All pending motions are **DENIED**.

(C) The Clerk must enter **JUDGMENT** in favor of Respondents, and **CLOSE** this case.

Dated: November 5, 2026

26-7330-001o Order 26 11 05 on Petition for Writ of Habeas Corpus.docx

James F. Metcalf
United States Magistrate Judge